UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 19-0284 |
| VERSUS | JUDGE DONALD E. WALTER |
| GARY PORTER | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM ORDER

Before the Court is a motion filed pro se by the defendant, Gary D. Porter ("Porter"). See Record Document 46. Although the motion was filed on a form entitled "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," Porter blotted out the "2241" portion in the heading of the filing and wrote in "2255" in its place. See id. However, due to the relief sought in the filing, the Court will construe the filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Government filed a response and, thereafter, a supplemental response. See Record Documents 52 and 53. For the following reasons, Porter's motion is **DENIED**.

## BACKGROUND

On November 19, 2018, officers responded to a 911 call to the driveway of a residence. Porter was arrested by Louisiana state authorities for placing a loaded gun "underneath one of his children, between the child and the child's car seat, to conceal the pistol from the police" after police were called by the mother of Porter's children. Record Document 36. Although the state charges were dismissed, the State of Louisiana revoked Porter's parole. On September 18, 2019, Porter was indicted in a one-count indictment in this Court with being a felon in possession of a firearm. On January 19, 2020, he pled guilty to the offense. On May 27, 2020, Porter was

sentenced to fifty-eight months of imprisonment, after the Court subtracted eight months of time that he had spent in custody from the initially calculated sentence of sixty-six months.

## LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).  Porter does not raise any of these concerns in his filing.

Instead, Porter complains that he has not received proper credit for time served and asks this Court to "look into [his] Sentence Compitation [sic] Data." Record Document 46 at 8.  "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Porter has done just that, and so, this Court will construe his motion as on filed pursuant to 28 U.S.C. § 2241.

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, though the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing.  If a defendant wishes to challenge this calculation, he must first exhaust his

available administrative remedies through the BOP. Then, a defendant may seek review in federal court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated.

However, a prisoner must first exhaust administrative remedies prior to presenting his claims in federal court. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.1994). The BOP provides a three–step administrative procedure for inmates who seek formal review of their complaints. See 28 C.F.R §§ 542.10–542.19. The BOP Program Statement 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the steps to be employed. A prisoner must first "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13. If unsuccessful, a prisoner must thereafter utilize the formal procedures which involve the filing of the following forms: a BP–9 (to the warden), BP–10 (to the appropriate BOP regional director), and BP–11 (to the BOP general counsel). Id. at §§ 542.14–542.15. The BP–11 appeal "is the final administrative appeal." Id. § 542.15(a). When this three-step review process is complete, the federal inmate's claim will be considered exhausted.

Along with his motion, Porter submitted a letter that indicates that the last remedy he sought was from the regional director. See Record Document 46, Ex. 1. Based on the documents currently before the Court, Porter has not fully exhausted his administrative remedies, as he has not submitted evidence that he has completed the BP-11 appeal to the Office of General Counsel. See 28 C.F.R. § 542.15. Accordingly, Porter has not exhausted his administrative remedies as required prior to presenting his claims to this Court.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Porter's motion, which has been

construed by this Court as a motion pursuant to 28 U.S.C. § 2241 (Record Document 46), is **DENIED**.

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of October, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE